IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Lee Cody, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| Glory White and Timothy Schuetzle, | ) | Civil File No. 3:06-cv-18 |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion to Dismiss (Doc. #10). Plaintiff filed, pro se, several replies to Defendants' motion (Docs. #12, 18, and 21) objecting to dismissal of his claims.

**FACTS**

Plaintiff brought this action as an inmate at the North Dakota State Penitentiary. The circumstances surrounding Plaintiff's complaint arose during and following his assignment to the Treatment Unit ("TU") of the Penitentiary for court-ordered chemical dependency treatment.

On September 28, 2006, Plaintiff was staffed to non-compliance with the TU. The incident report indicates Plaintiff's staffing was "due to not completing his assignments, being argumentative, contrary to staff, [professing] his religion in the unit, not willing to look at self and addictions, professing that he is 'cured' by God and doesn't need treatment." (Doc. #11-2). A hearing was held on the incident report, and the Adjustment Committee found Plaintiff had been non-compliant. As a result of this decision, Plaintiff was not eligible for good time credit.

Pursuant to Department of Corrections and Rehabilitation ("DOCR") policies, Plaintiff appealed the incident report to Warden Timothy Schuetzle, who upheld the decision of the

Adjustment Committee. The same day Warden Schuetzle denied Plaintiff's appeal, Plaintiff commenced a 10-day term of cell confinement. The DOCR Inmate Handbook allows 48 hours to file an appeal of the Warden's decision. Plaintiff failed to timely file such an appeal. This action, brought pursuant to 42 U.S.C. § 1983, followed.

## ANALYSIS

An inmate may not bring an action under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

It is undisputed that Plaintiff was aware of the appeals procedure as set forth in the DOCR Inmate Handbook and was bound by the exhaustion requirement of 42 U.S.C. § 1997e(a). It is also undisputed that Plaintiff brought this action under 42 U.S.C. § 1983 without filing a timely appeal to the Director of DOCR. Parties disagree, however, on whether the appeal to the Director was an "available" remedy and needed to be exhausted prior to commencement of this action.

Plaintiff was on cell confinement for the duration of the 48-hour appeal time. Although he was permitted to leave his cell during this time for meals, showers, and other limited activities, the DOCR handbook stresses it is the responsibility of the inmate "to remain in [his] cell during restriction to quarters." In order to serve his cell confinement, Plaintiff was moved to a different cell house and did not meet the case manager for that cell house for days. He requested, but was denied access to, the appeal form from a corrections officer. It appears he

made efforts to appeal Warden Schuetzle's decision.

A "remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not 'an available' remedy under § 1997e(a)." Miller v. Norris, 274 F.3d 736, 740. (8th Cir. 2001). In Miller, prison officials' failure to respond to an inmate's request for grievance forms rendered administrative remedies "unavailable." Id. The burden is on the defendants to show that Plaintiff failed to exhaust all "available" remedies. Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002). Here, it does not appear that the appeal process was "available" to defendant. Plaintiff was in cell confinement during the appeal period. The Inmate Handbook does not list trips to the office as permitted activity during cell confinement. Additionally, there is no indication that Plaintiff was authorized to "just request[]" an appeal form "at the office at any time" on his way to or from permitted activity such as a meal or shower. Plaintiff's allegation that he requested the form from the corrections officer is not disputed. The Court cannot conclude that Plaintiff failed to follow proper procedures or that the appeal was available to him.

## DECISION

Because an appeal to the Director was not "available," Plaintiff satisfied the exhaustion of administrative remedies requirement of 42 U.S.C. § 1997e(a). Defendant's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated this 13th day of June, 2007.

                                                    /s/   Ralph R. Erickson
                                                 Ralph R. Erickson, District Judge
                                                 United States District Court